# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| GRUS TECH, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>    Defendants. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Grus Tech, LLC (hereinafter "Grus Tech"), states for its Complaint against Samsung Electronics Co, Ltd. and Samsung Electronics America, Inc. as follows:

## INTRODUCTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

## PARTIES

2. Plaintiff Grus Tech, LLC is a limited liability company organized and existing under the laws of the State of Texas, having its principal place of business at

555 Republic Drive, 2nd Floor, Plano, Texas 75074.

3. On information and belief, Defendant Samsung Electronics Co., Ltd. ("SEC") is a corporation organized under the laws of the Republic of Korea, having a principal place of business listed at 129, Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, Republic of Korea.

4. On information and belief, Defendant Samsung Electronics America, Inc. ("SEA" or, collectively with SEC, "Samsung" or "Defendants") is a corporation organized and existing under the laws of New York with a place of business at 85 Challenger Road, Ridgefield Park, New Jersey, 07660, and with offices at 1301 East Lookout Drive, Richardson, Texas, 75082, and at 6625 Declaration Drive, Plano, Texas 75023.

5. On information and belief, SEA is a wholly owned subsidiary of SEC and is responsible for domestic sales and distribution of Samsung's consumer electronics products, including the accused products in this case.

## JURISDICTION

6. This Court has subject matter jurisdiction over all causes of action set forth herein pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. § 271 *et seq*.

7. Defendants are subject to personal jurisdiction in the State of Texas and in this Judicial District.

8. SEA is registered to do business in Texas and maintains an agent for service of process there. SEA maintains a principal place of business within the Eastern District of Texas, in the city of Richardson and another place of business within the District in the city of Plano. On information and belief, SEA's two places of business in this District employ over one thousand people.

9. Moreover, Defendants have authorized retailers that offer and sell accused products on their behalf in this Judicial District. These include Walmart, at 1701 E. End Blvd. N., Marshall, Texas 75670; Sprint, at 1806 E. End Blvd. Ste. 100, Marshall, Texas 75670; Target, at 3092 N Eastman Rd., Longview, Texas 75605, and Best Buy, at 422 W Loop 281, Longview, Texas 75605, among many others.

10. Plaintiff's cause of action arises directly from Defendants' business contacts and other activities in the State of Texas and this District.

11. Defendants have derived substantial revenues from their infringing acts occurring within the State of Texas and within this District.

12. This Court has personal jurisdiction over SEA at least because it maintains established places of business in this District.

13. This Court also has personal jurisdiction over Defendants under the provisions of the Texas Long Arm Statute and consistent with Constitutional due process by virtue of the fact that, upon information and belief, Defendants have availed themselves of the privilege of conducting and soliciting business within this State, including engaging in at least some of the infringing activities in this State, as well as by others acting as Defendants' agents and/or representatives, such that it would be reasonable for this Court to exercise jurisdiction consistent with principles underlying the U.S. Constitution and without offending traditional notions of fair play and substantial justice.

14. On information and belief, Defendants have also established minimum contacts with this Judicial District and regularly transact and do business within this District, including advertising, promoting and selling products over the Internet, through intermediaries, representatives and/or agents located within this District, that infringe Plaintiff's patents, which products are then sold and/or shipped directly to citizens residing within this State and in this District. Upon further information and belief, Defendants have purposefully directed activities at citizens of this State, including those located within this Judicial District.

15. On information and belief, Defendants have purposefully and voluntarily placed their products into the stream of commerce with the expectation

that they will be purchased and used by customers located in the State of Texas. On information and belief, Defendants' customers in the State of Texas have purchased and used and continue to purchase and use Defendants' products.

16. Furthermore, this Court has personal jurisdiction over Defendants under the Long Arm Statute of the State of Texas because: (i) Defendants have and continue to intentionally sell products and methods to customers in Texas; (ii) Defendants have and continue to intentionally instruct customers and potential customers in Texas with respect to how to use the products and methods that Defendants sell to customers in Texas; (iii) Defendants know and have known their products and methods, including the infringing methods, have and continue to be sold and marketed in Texas through regular and established distribution channels; (iv) Defendants know and have known that their products and methods will enter the United States of America and the State of Texas; (v) Defendants have and continue to target customers and potential customers in Texas to buy and/or use Defendants' products and methods, including the infringing methods; (vi) Defendants have and continue to provide advice to customers in Texas; (vii) it has been and continues to be foreseeable that Defendants' products and methods, including the infringing methods, would enter the State of Texas; (viii) Defendants have and continue to market to citizens of Texas through their website https://www.samsung.com/us/,

which is copyrighted "Samsung Electronics"; (ix) Defendants have and continue to provide services to citizens of Texas through their website; (x) Defendants derive substantial revenue from Texas; (xi) Texas has and continues to be part of Defendants' established distribution channels; (xii) the assertion of personal jurisdiction over Defendants is reasonable and fair; (xiii) and the State of Texas has an interest in this matter due to the presence of both Plaintiff and SEA within this State, as well as the presence of Defendants' infringing products in the State of Texas.

17. This Court also has personal jurisdiction over Defendants because: (i) Defendants maintain regular and systematic business contacts with the State of Texas and within this District; (ii) Defendants purposely, regularly, and continuously conduct business in the State of Texas and within this District; (iii) Defendants purposefully direct their activities at residents of the State of Texas; (iv) the cause of action set forth herein arises out of or relates to Defendants' activities in the State of Texas; and (v) the exercise of jurisdiction over Defendants will not offend the traditional notions of fair play and substantial justice.

18. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1331, § 1338(a), §§ 1391(b) & (c), and § 1400(b).

## Grus Tech's U.S. Patent No. 10,353,552

19. On June 20, 2010, Robert Paul Morris filed U.S. Patent Application No. 12/819,215 ("the '215 application").

20. On July 16, 2019, the United States Patent and Trademark Office duly and legally issued United States Patent No. 10,353,552 ("the '552 patent"), entitled "Apparatuses and Methods for Identifying a Contactee for a Message." A true and correct copy of the '552 patent is attached hereto as Exhibit A.

21. The '552 patent claims priority to the '215 application.

22. Grus Tech is the owner, by assignment, of all right, title, and interest in and to the '552 patent, including the right to bring suit for past, present, and future patent infringement, and to collect past, present, and future damages.

## No Claim Of Grus Tech's '552 Patent Is Abstract

23. The claims of Grus Tech's '552 patent are focused on an advance over the prior art such that their character as a whole is not directed to excluded subject matter, such as an abstract idea, or any other subject matter excluded under 35 U.S.C. §101.

24. In fact, the Patent Office determined that the combinations claimed in the claims of Grus Tech's '552 patent are novel and nonobvious.

25. The advancement claimed in the claims of Grus Tech's '552 patent

solves a problem that is presented only in a computing environment. The '552 patent claims a very specific solution to that problem, namely identifying a contactee for an electronic message. For example, claim 1 spans almost three columns. Thus, the claims are not directed to merely an abstract concept.

26. The claims of the '552 patent improve computing functionality by, for example, reducing the amount of information that needs to be retrieved and displayed to a user and reducing the chance of inadvertently transmitting sensitive information to an unintended recipient.

27. The problems addressed by the claims of the '552 patent do not arise outside a computing environment.

### The Inventions Claimed In Grus Tech's '552 Patent Were Not Well-Understood, Routine, Or Conventional

28. The inventions claimed in the '552 patent were not well-understood, routine, or conventional as of the priority date of Grus Tech's '552 patent, but instead claim specific, novel, and nonobvious improvements to the prior art.

29. The claims of the '552 patent do not preempt all ways of identifying a contactee for a message.

30. Grus Tech's '552 patent is compliant with 35 U.S.C. § 101. *See* Exhibit B.

31. Grus Tech's '552 patent is compliant with 35 U.S.C. § 102. *See*

Exhibit B.

32. Grus Tech's '552 patent is compliant with 35 U.S.C. § 103. *See* Exhibit B.

33. Grus Tech's '552 patent is compliant with 35 U.S.C. § 112. *See* Exhibit B.

34. Grus Tech's '552 patent is presumed valid and enforceable in accordance with 35 U.S.C. § 282.

35. Defendants have had knowledge of the '552 patent at least as early as the date of service of this Complaint.

## Grus Tech's U.S. Patent No. 10,496,249

36. On June 20, 2010, Robert Paul Morris filed the '215 application.

37. On December 3, 2019, the United States Patent and Trademark Office duly and legally issued United States Patent No. 10,496,249 ("the '249 patent"), entitled "Apparatuses and Methods for Identifying a Contactee for a Message." A true and correct copy of the '249 patent is attached hereto as Exhibit C.

38. The '249 patent claims priority to the '215 application.

39. Grus Tech is the owner, by assignment, of all right, title, and interest in and to the '249 patent, including the right to bring suit for past, present, and future patent infringement, and to collect past, present, and future damages.

## No Claim Of Grus Tech's '249 Patent Is Abstract

40. The claims of Grus Tech's '249 patent are focused on an advance over the prior art such that their character as a whole is not directed to excluded subject matter, such as an abstract idea, or any other subject matter excluded under 35 U.S.C. §101.

41. In fact, the Patent Office determined that the combinations claimed in the claims of Grus Tech's '249 patent are novel and nonobvious.

42. The advancement claimed in the claims of Grus Tech's '249 patent solves a problem that is presented only in a computing environment. The '249 patent claims a very specific solution to that problem, namely identifying a contactee for an electronic message. For example, claim 1 spans more than three columns. Thus, the claims are plainly not directed to merely an abstract concept.

43. The claims of the '249 patent improve computing functionality by, for example, reducing the amount of information that needs to be retrieved and displayed to a user and reducing the chance of inadvertently transmitting sensitive information to an unintended recipient.

44. The problems addressed by the claims of the '249 patent do not arise outside a computing environment.

## The Inventions Claimed In Grus Tech's '249 Patent Were Not Well-Understood, Routine, Or Conventional

45. The inventions claimed in the '249 patent were not well-understood, routine, or conventional as of the priority date of Grus Tech's '249 patent, but instead claim specific, novel, and nonobvious improvements to the prior art.

46. The claims do not preempt all ways of identifying a contactee for a message.

47. Grus Tech's '249 patent is compliant with 35 U.S.C. § 101. *See* Exhibit D.

48. Grus Tech's '249 patent is compliant with 35 U.S.C. § 102. *See* Exhibit D.

49. Grus Tech's '249 patent is compliant with 35 U.S.C. § 103. *See* Exhibit D.

50. Grus Tech's '249 patent is compliant with 35 U.S.C. § 112. *See* Exhibit D.

51. Grus Tech's '249 patent is presumed valid and enforceable in accordance with 35 U.S.C. § 282.

52. Defendants have had knowledge of the '249 patent at least as early as the date of service of this Complaint.

## COUNT ONE: DIRECT INFRINGEMENT OF THE '552 PATENT

53. Defendants have in the past and continue to infringe one or more claims of Grus Tech's '552 patent, including at least claim 1, in violation of 35 U.S.C. §§ 271(a) by making, using, offering to sell, or selling the patented invention within the United States or importing the patented invention into the United States.

54. A representative example of Defendants' infringing apparatuses, methods, and systems includes (but is not limited to) Defendants' Samsung Galaxy S10 smartphone. A representative claim chart demonstrating Defendants' infringement of Grus Tech's '552 patent, either literally or under the doctrine of equivalents, is attached as Exhibit E. Defendants' infringing products include, without limitation, other Samsung smartphones providing functionality such as that shown in Exhibit E ("Accused Products").

55. Grus Tech has and continues to suffer damages as a direct and proximate result of Defendants' direct infringement of Grus Tech's '552 patent and will suffer additional and irreparable damages unless Defendants are permanently enjoined by this Court from continuing their infringement. Grus Tech has no adequate remedy at law.

56. Grus Tech is entitled to: (i) damages adequate to compensate Grus

Tech for Defendants' direct infringement of Grus Tech's '552 patent, which amounts to, at a minimum, a reasonable royalty; (ii) attorneys' fees; (iii) costs; and (iv) an injunction.

## COUNT TWO: INDIRECT INFRINGEMENT OF THE '552 PATENT

57. Defendants have in the past and continue to indirectly infringe at least claim 1 of Grus Tech's '552 patent in violation of 35 U.S.C. § 271(b) by actively, knowingly, and intentionally inducing direct infringement by other persons, including customers and end users, by offering for sale and/or selling Defendants' Accused Products in the United States without authority or license from Grus Tech and in a manner understood and intended to infringe Grus Tech's '552 patent.

58. Grus Tech has and continues to suffer damages as a direct and proximate result of Defendants' induced infringement of Grus Tech's '552 patent and will suffer additional and irreparable damages unless Defendants are permanently enjoined by this Court from continuing their infringement. Grus Tech has no adequate remedy at law.

59. Grus Tech is entitled to: (i) damages adequate to compensate Grus Tech for Defendants' induced infringement of Grus Tech's '552 patent, which amounts to, at a minimum, a reasonable royalty; (ii) attorneys' fees; (iii) costs; and (iv) an injunction.

## COUNT THREE:  DIRECT INFRINGEMENT OF THE '249 PATENT

60. Defendants have in the past and continue to infringe one or more claims of Grus Tech's '249 patent, including at least claim 1, in violation of 35 U.S.C. §§ 271(a) by making, using, offering to sell, or selling the patented invention within the United States or importing the patented invention into the United States.

61. A representative example of Defendants' infringing apparatuses, methods, and systems includes (but is not limited to) Defendants' Samsung Galaxy S10 smartphone.  A representative claim chart demonstrating Defendants' infringement of Grus Tech's '249 patent, either literally or under the doctrine of equivalents, is attached as Exhibit F.  Defendants' Accused Products include, without limitation, other Samsung smartphones providing functionality such as that shown in Exhibit F.

62. Grus Tech has and continues to suffer damages as a direct and proximate result of Defendants' direct infringement of Grus Tech's '249 patent and will suffer additional and irreparable damages unless Defendants are permanently enjoined by this Court from continuing their infringement.  Grus Tech has no adequate remedy at law.

63. Grus Tech is entitled to: (i) damages adequate to compensate Grus

Tech for Defendants' direct infringement of Grus Tech's '249 patent, which amounts to, at a minimum, a reasonable royalty; (ii) attorneys' fees; (iii) costs; and (iv) an injunction.

### COUNT FOUR: INDIRECT INFRINGEMENT OF THE '249 PATENT

64.     Defendants have in the past and continue to indirectly infringe at least claim 1 of Grus Tech's '249 patent in violation of 35 U.S.C. § 271(b) by actively, knowingly, and intentionally inducing direct infringement by other persons, including customers and end users, by offering for sale and/or selling Defendants' Accused Products in the United States without authority or license from Grus Tech and in a manner understood and intended to infringe Grus Tech's '249 patent.

65.     Grus Tech has and continues to suffer damages as a direct and proximate result of Defendants' induced infringement of Grus Tech's '249 patent and will suffer additional and irreparable damages unless Defendants are permanently enjoined by this Court from continuing their infringement.  Grus Tech has no adequate remedy at law.

66.     Grus Tech is entitled to: (i) damages adequate to compensate Grus Tech for Defendants' induced infringement of Grus Tech's '249 patent, which amounts to, at a minimum, a reasonable royalty; (ii) attorneys' fees; (iii) costs; and (iv) an injunction.

## **PRAYER FOR RELIEF**

WHEREFORE, Grus Tech seeks the following relief:

    a.    Declaring that Defendants have infringed the '552 patent and the '249 patent;

    b.    That Defendants be enjoined from further infringement of the '552 patent and the '249 patent pursuant to 35 U.S.C. § 283;

    c.    That Defendants be ordered to pay damages adequate to compensate Grus Tech for their infringement of the '552 patent and the '249 patent pursuant to 35 U.S.C. § 284;

    d.    That Defendants be ordered to pay prejudgment interest pursuant to 35 U.S.C. § 284;

    e.    That Defendants be ordered to pay all costs associated with this action pursuant to 35 U.S.C. § 284;

    f.    That Defendants be ordered to pay Grus Tech's attorneys' fees pursuant to 35 U.S.C. § 285; and

    g.    That Grus Tech be granted such other and additional relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Grus Tech demands a trial by jury of all issues so triable.

THIS 6th day of March, 2020.

                                              Respectfully submitted,

                                              */s/ Cortney S. Alexander*
                                              Stephen R. Risley (admission pending)
                                              Telephone: 404-585-2101
                                              Email: steverisley@kentrisley.com
                                              Cortney S. Alexander
                                              Telephone: 404-855-3867
                                              Email:
                                              cortneyalexander@kentrisley.com

                                              KENT & RISLEY LLC
                                              5755 North Point Parkway
                                              Suite 57
                                              Alpharetta, Georgia 30022

                                              Attorneys for Plaintiff